IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHRISTOPHER L. BROWN                                 PETITIONER

VERSUS                                CIVIL ACTION NO. 5:06cv147-DCB-MTP

FEDERAL BUREAU OF PRISONS, et al.                   RESPONDENTS

## ORDER

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner was an inmate at the Federal Correctional Institution, Yazoo City, Mississippi, at the time he filed this petition for habeas relief pursuant to 28 U.S.C. § 2241. Having reviewed the petition and record in this case, this Court finds the following.

## Background

Petitioner was convicted of one-count of possession of a firearm by a convicted felon in the United States District Court for the Southern District of Mississippi, Hattiesburg Division. On February 6, 1996, Petitioner was sentenced to a 120-month term of imprisonment in the custody of the Bureau of Prisons. Petitioner appealed the conviction to the United States Court of Appeals for the Fifth Circuit, which affirmed on October 15, 1996. USA v. Brown, 96-60116 (5th Cir. Oct. 15, 1996). Thereafter, Petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255, Brown v. USA, 2:98cv196P (S.D. Miss. Nov. 12, 1998), which was denied on November 12, 1998. The Fifth Circuit denied his request for issuance of Certificate of Appealability on August 23, 1999. Brown v. USA , 99-60061 (5th Cir. Aug. 23, 1999).

On November 3, 2006, Petitioner filed the instant action pursuant to 28 U.S.C. § 2241 asserting that, under the reasoning of a recent Supreme Court's decision, United States v. Booker, 543 U.S. 220 (2005) (holding that a federal defendant's Sixth Amendment rights were violated

when his sentence was enhanced based solely on facts not found by a jury or admitted by the defendant), the district court judge incorrectly sentenced him to supervised release.  The Petitioner further argues that the United States Sentencing Guidelines have been found to be invalid based on the Booker/ Fanfan decision.

The petitioner asserts the following two grounds for habeas relief:  (1) "PL-98-473 as amended is void in all its mandatory provisions requiring the court of the United States to act under the control of Congress"; and (2) "[s]upervised release is to be calculated with the sentence."  The petitioner goes on to argue that the portion of his sentence requiring supervised release creates a "double penalty." (Memorandum [2-1] p. 4) and, furthermore, there is "no authority under criminal charges for a sentence of supervised release" (Memorandum [2-1] p. 5). In the relief portion of his petition, the petitioner appears to request that he be resentenced to parole instead of being required to serve any time on supervised release.

Analysis

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  By contrast, a § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"  Id. (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)).   "Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241."  Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343, 347 (5th Cir. 2002) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

This Court finds that the allegations of the instant petition clearly present a challenge to the sentence the Petitioner received and that he bases his challenge on several decisions by the United States Supreme Court, such as Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005), which were rendered after he was sentenced and after he filed his motion to vacate pursuant to 28 U.S.C. § 2255.  Therefore, this court will initially consider that the petitioner is invoking the "savings clause" of § 2255 to pursue this matter pursuant to 28 U.S.C. § 2241.  See  Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).

The United States Court of Appeals for the Fifth Circuit has articulated a test to determine when the savings clause of § 2255 should apply to a claim.  See Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001).  In Reyes-Requena, the Court held that the savings clause of § 2255 applies to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904.  The Fifth Circuit further elaborated upon the test, stating "[o]f course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access to the savings clause." Id. (emphasis in original)(citing Pack, 218 F.3d at 452-53 (providing examples of such circumstances from caselaw)). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.  The second prong of the test informs us that the "decision upon which the petitioner is relying must be retroactively applicable on collateral review." Id. at 904.

3

There is nothing in the petitioner's allegations to establish that he meets with "actual innocence" requirement.  The petitioner bases his argument for habeas relief on the decisions of "Booker, Apprendi, Jones and other Supreme Court Statements."  (Memorandum [2-1] p.9).  Having considered the petitioner's argument, this court is not persuaded.  The Fifth Circuit has held that the Supreme Court's decision of Apprendi v. New Jersey, 530 U.S. 466 (2000),  which was the precursor to the Court's decisions in  Blakely v. Washington, 542 US.. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), is not retroactively applicable to cases on collateral review .  Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343 (5th Cir. 2002).  This is also true of the decision in United States v. Booker, 543 U.S. 220 (2005).  Padilla v.  United States, 416 F.3d 424, 426-27 (5th Cir. 2005) ("Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review.").  Accordingly, the Petitioner has failed to satisfy the Reyes-Requena test and thus, the savings clause of § 2255 does not apply.  See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("The burden of demonstrating the ineffectiveness of a § 2255 petition rests squarely on the shoulders of the petitioner.")   Therefore, this Court does not have jurisdiction to address the constitutional issues presented by the petitioner in the form of a § 2241 petition.

Moreover, construing this as a motion pursuant to 28 U.S.C. § 2255, see Henderson v. Haro, 282 F.3d 862, 684 (5th Cir. 2002),  this Court finds that the Petitioner has already litigated a § 2255 motion in Brown v. USA, 2:98cv196P (S.D. Miss. Nov. 12, 1998).  Therefore, this is a second or successive application.  A Petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion.  See  Burton v. Stewart, 549 U.S. _____, 127 S.

Ct. 793 (Jan. 9, 2007). As such, this Court has determined that it would be in the interest of justice to transfer this successive § 2255 petition to the Fifth Circuit. See Henderson, 282 F.3d at 864.

ORDERED that this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that the petition is construed as requesting relief pursuant to 28 U.S.C. § 2255 and therefore, since it is a second or successive request it will be transferred to the United States Court of Appeals for the Fifth Circuit.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

SO ORDERED this the 26th day of February, 2007.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE